**STATE**

**v.**

**Danny L. BROWN.**

**No. 95–648–C.A.**

Supreme Court of Rhode Island.

March 5, 1997.

Annie Goldberg, Aaron Wesiman, Asst. Attorneys General, for Plaintiff.

Paula Rosin, Asst. Public Defender, for Defendant.

**OPINION**

PER CURIAM.

This case comes before us on the appeal of the defendant, Danny L. Brown, from a judgment of conviction entered in the Superior Court on three counts of first-degree sexual assault and three counts of first-degree child molestation.

The defendant was sentenced to forty years' imprisonment on each count. Of this term, twenty years were suspended and twenty years' probation was imposed to commence upon defendant's release from the Adult Correctional Institutions. All terms are to be served concurrently.

In support of his appeal defendant raised six issues. Two of the justices were of the

opinion that defendant was entitled to a new trial because of prejudicial errors. In the opinion of these justices certain errors outlined below were committed. (The opinions of the justices who disagree are also included.) The issues wherein the court was unanimous in rejecting defendant's contentions are also discussed.

## I

■ It was claimed that the motion justice committed prejudicial error in declining to allow defendant to subpoena pediatric medical records of the complainant. Two justices believed that even if the request for production of medical records for a ten-year period was overbroad, the motion justice had the obligation to narrow the period and not deny the request out of hand as a "fishing expedition."

Two other justices believed that the request was overbroad and that the hearing justice did not commit prejudicial error in denying it.

## II

■ All the justices believed that the educational records should have been examined in camera or should have been allowed to have been subpoenaed for the examination of defense counsel. However, the justices were unanimous in the belief that this error was not prejudicial since the evidence in the case clearly indicated that the alleged victim manifested no adverse effects in respect to her grades or her behavior in school.

## III

■ Two justices were of the opinion that the trial justice committed reversible error in refusing to allow defendant's counsel to cross-examine Pastor Elizabeth Janiak in respect to possible bias relating to an action to enforce a mechanic's lien brought against her church by a relative of defendant. Two other justices were of the opinion that this limitation of cross-examination did not constitute prejudicial error.

## IV

■ Two justices of this court were of the opinion that the trial justice committed prejudicial error when he refused to allow cross-examination of the victim's mother concerning whether she reported the allegations of child abuse to the Department of Children, Youth, and Families. These justices believed that this was a legitimate area of cross-examination even though there were various explanations for the failure so to report. Two other justices of the court were of the opinion that refusal to allow this cross-examination did not constitute reversible error.

## V

■ All the justices were of the opinion that the sustaining of a motion to strike testimony that defendant did not molest the sister of the complainant did not constitute error, prejudicial or otherwise.

## VI

■ Two justices of the court were of the opinion that the trial justice committed reversible error when he overruled an objection to a statement by Pastor Elizabeth Janiak that constituted an endorsement of the credibility of the complaining witness. This statement was recorded as follows:

"I was very cautious to make sure that what she was telling me was the truth because we're trained to be sure that just because someone makes an allegation does not mean it's true."

Two other justices of the court were of the opinion that this statement did not constitute bolstering as construed by *State v. Haslam*, 663 A.2d 902, 906 (R.I.1995).

Since the court was evenly divided on the question of the defendant's entitlement to a new trial, the rulings of the motion justice and the trial justice in these critical areas are affirmed. The conviction of the defendant is affirmed by an evenly divided court. The papers in the case may be remanded to the Superior Court.